UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MONIQUE JACKSON, on Behalf of
Herself and all others similarly situated,

    Plaintiffs,

v.

PALM BEACH CREDIT ADJUSTORS, INC.
d/b/a FOCUS FINANCIAL SERVICES,

    Defendant.
_____/

CASE NO.:

**CLASS ACTION**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Monique Jackson, individually and on behalf of all others similarly situated, alleges Palm Beach Credit Advisors, Inc. d/b/a Focus Financial ("PBCA") "robo-called" her numerous times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2. If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today and the defendant's conduct in this case is a good reason why.

3. The TCPA was enacted to prevent companies like PBCA from invading American citizens' privacy and prevent illegal robocalls.

4. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243,

§§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014). As will be illustrated in this case, despite being told to stop calling, these defendants refused to do so.

6. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. This type of damages are the same shared by the Plaintiff and the class members.

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

8. The alleged violations described in the Complaint were took place in Miami, Florida, and the Defendant's principal place of business is located in Boynton Beach, Florida, all within the Southern District of Florida

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Miami, Florida.

10. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11. Defendant is a corporation with its principal place of business in Boynton Beach, Florida, and it conducts business in the State of Florida and elsewhere. Defendant is a debt collector, and collects debts for health care providers, among others. Defendant does business as Focus Financial Services and may do business under other names as well.

12. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (561) 573-5283.

13. Plaintiff was the "called party" during each phone call subject to this lawsuit.

15. On or about December of 2016, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt from someone other than the Plaintiff. The Defendant was trying to contact an individual named "Holly." Plaintiff does not know an individual by that name. Because Plaintiff has no prior business or other relationship with Defendant, the Defendant never had express consent to place any calls to Plaintiff's cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice

16. Plaintiff answered a call from Defendant and explained that she was not the person they were trying to reach, and that Defendant should stop calling.

17. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any consent Defendant may have mistakenly

3

believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice. Despite this clear directive to stop calling, Defendant continued to place the calls. On several other occasions, Plaintiff spoke to the Defendant and demanded they stop calling.

18. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

20. Defendant has recorded at least one conversation with the Plaintiff.

21. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

22. Defendant made at least one call to (561) 573-5283 using an "automatic telephone dialing system" (ATDS).

23. Defendant made numerous calls to (561) 573-5283 using an ATDS.

24. Each call the Defendant made to (561) 573-5283 in the last four years was made using an ATDS.

25. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

26. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

27. Furthermore, many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

28. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

29. Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

30. Defendants' phone calls harmed Plaintiff by wasting her time, trespassed on her phone, invaded her privacy as well as caused aggravation and inconvenience.

31. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendants' phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

32. Defendant has made approximately twenty calls to Plaintiff's aforementioned cellular telephone number from in or about December of 2016 until today per the Defendant's dialer records.

33. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

34. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

35. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

36. Defendant's phone calls harmed Plaintiff by wasting her time.

37. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

38. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

39. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

40. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

41. Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

42. Defendant never had the Plaintiff's express consent for placement of telephone calls to her aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

43. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

44. Defendant violated the TCPA with respect to the Plaintiff and members of the class.

45. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff and the members of the class.

## COUNT I
**(Violation of the TCPA)**

46. Plaintiff incorporates Paragraphs one (1) through forty-five (45).

47. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff without having express consent to place such calls using an ATDS or pre-recorded voice.

48. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked any consent the Defendant mistakenly believed it had to being called by them using an ATDS or pre-recorded voice.

49. Defendant repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

50. As a result of Defendant's illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

51. Plaintiff and class members are also entitled to, and does, seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## CLASS ACTION ALLEGATIONS

52. Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein. Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

53. In this case, Plaintiff seeks to certify the class, subject to amendment, as follows:

54. The TCPA Class consists of:

(1) All persons in the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Defendant did not have express consent to call said cellular telephone number.

And the following sub-class:

(1) All persons in the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) after that person had revoked their consent for Defendant to place such calls.

(2) Defendant has caused the Class actual harm, not only because the Class was subjected to the aggravation that necessarily accompanies these calls, but also because said members frequently have to pay their cell phone service providers for the receipt of such calls.

55. These calls are also an intrusion upon seclusion, trespassed on their telephones, diminish cellular battery life, and waste of Plaintiff's and the class member's time.

56. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendants and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

57. Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and scope of Defendant's business, Plaintiff reasonably believes that the class members' number at a minimum in the thousands based on the use of software to make the calls and Defendant's history of failing to comply with the TCPA.

58. Plaintiff and all members of the Class have been harmed by Defendant's actions.

59. This Class Action Complaint seeks money damages and injunctive relief.

60. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

61. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Defendant's.

62. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

(1) Whether Defendant engaged in a pattern of using an ATDS to place calls to cellular telephones without the prior express consent of the called party;

(2) Whether Defendant's conduct was knowing or willful; and

(3) Whether Defendant's actions violated the TCPA.

63. As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.

64. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

65. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

66. A class action is the superior method for the fair and efficient adjudication of this controversy.

67.     Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA is small.

68.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

69.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

70.     Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and favor of the Class, and against Defendant for:

a.      A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      An injunction requiring Defendant not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called now or when Plaintiff obtains additional telephone numbers in the future;

c.      An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that Plaintiff is not called in the future;

   d. An injunction requiring Defendant not to call any third parties or numbers that were skip traced to ensure that class members are not called if they obtain additional telephone numbers in the future;

   e. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to ensure that class members are not called in the future;

   f. An award of actual damages in an amount to be proven at trial;

   g. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

   h. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

   i. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

   j. An award of Plaintiff's attorneys' fees, litigation expenses and costs of suit; and

   k. Such further and other relief the Court deems reasonable and just.

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2018, a true copy of the foregoing was filed with the Clerk of the Court and served on the parties of record using the CM/ECF system.

Respectfully Submitted,

*/s/ Geoffrey Parmer*
Geoffrey E. Parmer, Esq.
Florida Bar No. 989258
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, FL 33629
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Geoff@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*